Amy B. Alderfer (SBN 205482)
aalderfer@cozen.com
COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA  90401
Telephone:  (310) 393-4000
Facsimile:  (310) 394-4700

Brett N. Taylor (SBN 274400)
btaylor@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: (213) 892-7900
Facsimile: (213) 892-7999

Attorneys for Defendant
MARRIOTT INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARA SCHAEFER, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MARRIOTT INTERNATIONAL, INC., and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00088-CJC (ASx)<br><br>**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS/STRIKE PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(2), 12(b)(6), 12(f) and 23]<br><br>Date:　　　　March 2, 2020<br>Time:　　　　1:30 p.m.<br>Courtroom:　　7C<br>Judge:　　　Hon. Cormac J. Carney<br><br>Complaint Filed:  November 27, 2017<br>Removal Date:  January 3, 2020 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 2, 2020 at 1:30 p.m. in Courtroom 7C of the above entitled Court, pursuant to Rule 12(b)(1), 12(b)(6), 12(f) and 23 of the Federal Rules of Civil Procedure, Defendant Marriott International, Inc. ("Defendant") will and hereby does move this Court for an Order dismissing/striking Plaintiff's Class Action Complaint.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 8, 2020.

The Motion is made on the following grounds:

*First*, Plaintiff's putative class action Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because Marriott is not subject to this Court's personal jurisdiction. Marriott does not operate the Courtyard. Rather, the Courtyard is a franchise location operated entirely by a franchisee. Moreover, Marriott is neither incorporated nor headquartered in California. Marriott is "at home" in Maryland and Marriott's California presence is a small fraction of its nationwide and worldwide business. Considering the extent of Marriott's operations worldwide, and lack of substantive operations in California, Marriott is not "at home" in California. Further, as is set forth below, Plaintiff has not demonstrated that that her claims arise out of Marriott's activities directed at California, much less fulfilled her burden of proving, by a preponderance of the evidence, that specific jurisdiction exists.

*Second*, Plaintiff's Complaint fails to state a claim upon which relief can be granted under 12(b)(6). The ownership, control, and management of the Courtyard is governed by a franchise agreement by and between the non-party Franchisee and Marriott. (*Id*.) The Courtyard is operated and controlled by the Franchisee. Marriott has absolutely no ownership interest in, or control over the Courtyard. California law on franchisor liability is clear that Marriott cannot be held vicariously liable for the

alleged negligent acts of franchisees if Marriott does not retain any right to control the day-to-day operations of the hotel.

There is nothing in the Complaint, nor is there any inference that can be fairly made from the Complaint, that Marriott owed a duty of care to Plaintiff. Specifically, because Marriott does not own, operate, control, or manage the Courtyard, Plaintiff cannot now—or ever—establish that Marriott owed a duty to Plaintiff of any of the putative class members relating to the air at the Courtyard.

*Third*, Plaintiff's class allegations should be stricken at the pleadings stage pursuant to Fed. R. Civ. P. 12(f) and 23. Plaintiff's class allegations are facially devoid and defective and the inherent flaws in Plaintiff's putative class are readily apparent. Plaintiff alleges that the air in the Courtyard is tainted with fragrance, and Marriott showered unsuspecting guests/patrons with substances known to cause respiratory problems, headaches, skin irritations, and gastrointestinal, cardiovascular and cognitive problems." (Compl. ¶ 2.) Plaintiff alleges that Marriott "aims [] toxic chemical compounds directly at guests/patrons as they walk through the Marriott's front door, and in the guest rooms." (Compl. ¶ 44.) As is set forth above, Marriott did nothing of the sort as it does not own or operate the Courtyard. However, even if it did, Plaintiff's class allegations must fail.

As a starting point, Plaintiff's suggested putative class is grossly overbroad and unascertainable. Plaintiff's proposed class is literally comprised of every person who visited or visits the Courtyard between November 27, 2019 and the time of trial. Given the way the Complaint is styled, simply breathing the air in the Courtyard is enough to make one a member of the putative class. This is hugely problematic because Plaintiff seeks to include in the putative class persons who lack Article III standing to pursue their claims in federal court because they have not sustained an "injury-in-fact." The Complaint avoids any direct allegation or suggestion that all putative class members experienced an "injury-in-fact," instead alleging that

"everyone is susceptible to harm from unwelcome fragrances" and that the "disabling effects [of exposure to fragrance] have been *found in over three out of four persons*." (Emphasis in original); (Compl. ¶ 1.)

Plaintiff's class allegations also unequivocally demonstrate that adjudication of these claims as class action would be unwieldy and unworkable and, therefore, cannot satisfy the requirements of Rule 23. Here, the putative class arguably includes the claims of persons residing across the United States and abroad. The choice of law issues alone will inundate this Court with complex and unique issues under the laws of various states and countries, and Defendant will be substantially impaired and limited in its ability to access, from Delaware and Maryland, important evidence located around the country and in foreign jurisdictions, including testimony and medical records concerning treatment conducted by physicians across the globe.

Finally, at the heart of Plaintiff's entire case is this idea that the Courtyard's alleged use of fragrance caused personal injuries in Plaintiff and the putative class members. A multitude of courts in this District and elsewhere have stricken personal injury class allegations and denied class certification under similar circumstances. Under Rule 23, it is very clear that the individual issues involved in adjudicating the purported claims of the proposed putative class overwhelmingly and substantially predominate over any purported perceived common issues that may exist. The claims of personal injury plaintiffs simply are not typical of each other.

For all of the reasons set forth herein, Marriott respectfully requests that the Court dismiss this matter with prejudice. If the matter is not dismissed, Marriott respectfully request that Plaintiff's class allegations be stricken.

| | |
|---|---|
| Dated: January 17, 2020 | COZEN O'CONNOR<br><br>By: */s/ Amy B. Alderfer*<br>    Amy B. Alderfer<br>    Brett N. Taylor<br>    Attorneys for Defendant<br>    Marriott International, Inc. |