# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA SCHAEFER, individually, and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>MARRIOTT INTERNATIONAL, INC., and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No.: CV 20-00088-CJC (ASx)<br><br><br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND STRIKE PLAINTIFF'S CLASS ACTION COMPLAINT [Dkt. 9]** |

In this putative class action, Plaintiff alleges that she was exposed to "chemical substances" at the Courtyard Los Angeles Westside hotel (the "Courtyard") and that Defendant Marriott International, Inc. ("Marriott") has "a consistent policy of releasing fragrance compounds upon individuals as they enter the Marriott and throughout the building and guest rooms."  (Dkt. 1-1 [Complaint].)  Plaintiff asserts claims for negligence, battery, negligent and intentional infliction of emotional distress, violation of the Americans with Disabilities Act, violation of California's Unruh Civil Rights Act, denial of full and equal access to public facilities under California Health & Safety Code § 19955(a), and unfair business practices under California Business & Professions Code § 17200.

Before the Court is Defendant's motion to dismiss on three grounds:  (1) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), because the Courtyard is a franchise location operated entirely by a franchisee and not by Marriott, and Marriott is not "at home" in California, (2) failure to state a claim upon which relief can be granted under Rule 12(b)(6), because Marriott did not owe Plaintiff a duty of care and cannot be held vicariously liable for the alleged negligent acts of franchisees, and (3) to strike Plaintiff's class allegations under Rules 12(f) and 23, because the proposed class is overbroad and unascertainable.  (Dkt. 9.)

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Plaintiff failed to file an opposition by the February 10, 2020 deadline, perhaps in light of Marriott's explanation that it does not own, control, or manage the Courtyard.   In any event, the motion is **GRANTED**, and Plaintiff's complaint is **DISMISSED.** [1]

DATED:    February 12, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 2, 2020, at 1:30 p.m. is hereby vacated and off calendar.